IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert G. STULIGROSS, Attorney at Law.

Supreme Court

*No. 95–3563–D. Filed March 20, 1997.*

(Also reported in 560 N.W.2d 269.)

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Robert G. Stuligross to practice law in Wisconsin be suspended for two years as discipline for professional misconduct. That misconduct consisted of his abusing Illinois' pro hac vice admission procedure to represent over a short period of time a large number of divorce clients in that state, where he was not admitted to practice, representing several clients in divorce proceedings there without seeking or obtaining pro hac vice admission, misrepresenting to the Board of Attorneys Professional Responsibility (Board) that he had been granted pro hac vice admission in certain divorce proceedings, using the attorney identification number of a lawyer with whom he shared offices in Illinois in pleadings he filed in court there, altering a court order in an Illinois divorce proceeding to state falsely that he had been granted pro hac vice privileges, using law office letterhead stationery with an Illinois address to imply falsely that he was licensed to practice law in that jurisdiction, and failing to timely, fully, and fairly respond to numerous requests for information from the Board in its investigation of his conduct.

██

¶ 2. We determine that the seriousness of Attorney Stuligross' misconduct warrants the suspension of his license to practice law for two years. He regularly engaged in the practice of law without authorization in a jurisdiction where he was not admitted to the bar and did so frequently by misrepresenting his status. His alteration of a court document and his misrepresentation to the Board in its investigation of his misconduct demonstrate his willingness to be untruthful to the courts he purports to serve.

¶ 3. Attorney Stuligross was admitted to practice law in Wisconsin in 1989 and for a time practiced in Milwaukee. In 1992 he moved his practice to Chicago, Illinois. He has not been the subject of a prior disciplinary proceeding in Wisconsin, although when he applied for bar admission in Wisconsin, the dean of the law school he attended declined to certify his good moral character, as he had been dismissed from that law school for a period of two years for having falsified a date stamp on the service of notice of a discovery motion while working as a student intern with the Legal Aid Society of Milwaukee and falsely representing to the law school investigating committee the details of his creation of the false service document. Attorney Stuligross currently resides in Kenosha and is not engaged in the practice of law.

¶ 4. The referee, Attorney John R. Decker, made findings of fact pursuant to the parties' stipulation. After practicing with two law firms in Milwaukee from October, 1989 to May, 1992, Attorney Stuligross relocated his legal practice to Chicago, where he shared office space with an attorney licensed there. He successfully wrote the Illinois bar examination in 1992 but was not admitted to practice there on the ground that he failed to demonstrate he possesses the good moral character and general fitness to practice law. That determination was based on his pattern of filing pro hac vice petitions under the rules of the Supreme Court of that jurisdiction, thereby engaging in the unauthorized practice of law. The determination was based further on his conduct that led to suspension from law school and his untrue responses in his application for bar admission in Illinois, on which he did not disclose an arrest and conviction of a municipal ordinance violation.

¶ 5. In Chicago, Attorney Stuligross entered into a retainer agreement with an organization that offered a variety of services to clients involved in marital dissolution and related proceedings. All of the legal work he performed while in Chicago was for clients of that association who were residents of Illinois. From May, 1992 through at least June, 1993, he abused the Illinois pro hac vice procedure by appearing in some 47 circuit court cases representing clients referred to him by the association. In as many as eight of those cases, he had no specific judicial authorization to appear pro hac vice. In one of them, he altered an official court order to indicate that he had been granted those privileges, when he had not.

¶ 6. Attorney Stuligross continued to file pro hac vice petitions after he was notified that his application for bar admission in Illinois would not be approved and that his character and fitness were under review. In those applications, he did not advert to that fact; instead, he asserted merely that he had passed the Illinois bar examination. The investigating committee in Illinois found that assertion misleading.

¶ 7. In pleadings he filed in circuit court in Illinois, Attorney Stuligross repeatedly used the attorney code number assigned to the attorney with whom he was sharing offices, without making it clear to the court that the number was not his own. Also, he used letterhead stationery falsely suggesting he was licensed to practice in Illinois, as it listed his Illinois address without a disclaimer that he was not licensed in that jurisdiction.

¶ 8. In the course of the Board's investigation of his conduct, Attorney Stuligross on several occasions failed to fully, fairly, and timely disclose all facts and circumstances pertaining to that conduct. In response

to an inquiry from the Board concerning whether he had been granted pro hac vice admission to practice in certain identified cases in Illinois, Attorney Stuligross misrepresented that he had obtained and would provide the Board copies of most of the orders granting that admission, when in fact he had not obtained admission.

¶ 9. On the basis of those facts, the referee concluded that Attorney Stuligross violated the following Rules of Professional Conduct for Attorneys. His abuse of the Illinois pro hac vice admission procedure and his representation of several clients without seeking or obtaining such admission constituted his practice of law in a jurisdiction where doing so violated that jurisdiction's regulation of the legal profession, in violation of SCR 20:5.5(a).[1] His statement to the Board that he had been granted pro hac vice admission in certain cases in Illinois and had obtained and would provide copies of orders granting those admissions constituted a false statement of material fact in connection with a disciplinary matter, in violation of SCR 20:8.1(a)[2] and 22.07(2).[3] His use of an Illinois attorney's identification

---

[1] SCR 20:5.5 provides, in pertinent part:

**Unauthorized practice of law**
A lawyer shall not:
(a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction;

[2] SCR 20:8.1 provides, in pertinent part:

**Bar admission and disciplinary matters**
An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
(a) knowingly make a false statement of material fact;

[3] SCR 22.07 provides, in pertinent part:

**Investigation.**

number when filing pleadings in Illinois courts constituted false statements of fact to a tribunal and conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:3.3(a)(1)[4] and 8.4(c).[5] His alteration of a court order in one case to state falsely that he had been granted pro hac vice privileges in it constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c). His use of letterhead with an Illinois address without a specific disclaimer that he was not admitted to practice there constituted use of a firm letterhead that was false and misleading, in violation of SCR 20:7.5(b).[6] Finally, his failure to timely, fully, and fairly respond to numer-

---

. . .
(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

[4] SCR 20:3.3 provides, in pertinent part:

**Candor toward the tribunal**
(a) A lawyer shall not knowingly:
(1) make a false statement of fact or law to a tribunal;

[5] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[6] SCR 20:7.5 provides, in pertinent part:

**Firm names and letterheads**
. . .

ous requests for information from the Board during its investigation violated SCR 21.03(4)[7] and 22.07(2) and (3).[8]

¶ 10. As discipline for that professional misconduct, the referee recommended the discipline to which the parties had stipulated, namely, that Attorney Stuligross' license to practice law in Wisconsin be suspended for two years, commencing the date of the court's order. In addition, the referee recommended that he be required to pay the costs of this proceeding.

¶ 11. We adopt the referee's findings of fact and conclusions of law and determine that the recommended license suspension is appropriate discipline to impose for Attorney Stuligross' misconduct in these matters. Starting at least when in law school, he has

---

(b) A law firm with offices in more than one jurisdiction may use the same name in each jurisdiction, but identification of the lawyers in an office of the firm shall indicate the jurisdictional limitations on those not licensed to practice in the jurisdiction where the office is located.

[7] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board of administrator.

[8] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

established a pattern of serious misrepresentations to courts and others, something that cannot be tolerated in a person this court licenses to represent others in our legal system.

¶ 12. IT IS ORDERED that the license of Robert G. Stuligross to practice law in Wisconsin is suspended for a period of two years, commencing the date of this order.

¶ 13. IT IS FURTHER ORDERED that within 60 days of the date of this order Robert G. Stuligross pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Robert G. Stuligross to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 14. IT IS FURTHER ORDERED that Robert G. Stuligross comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.