IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Jeffrey I. GEHL, Attorney at Law.

Supreme Court

*No. 97–1333–D. Filed December 19, 1997.*

(Also reported in 571 N.W.2d 673.)

¶ 1. PER CURIAM. We review the report of the referee recommending that the license of Jeffrey I. Gehl to practice law in Wisconsin be "revoked for at least three years" as discipline reciprocal to the discipline imposed on him by the Illinois Supreme Court for professional misconduct occurring in that jurisdiction. That misconduct consisted of his failing to provide competent representation, act with reasonable diligence and promptness, keep clients reasonably informed of the status of legal matters and comply with reasonable requests for information, deliver to clients all papers and property to which they were entitled, refund a part of a fee paid in advance that had not been earned, make reasonable efforts to expedite litigation consistent with the interests of clients, deliver to clients or third persons funds or other property they were entitled to receive, and deposit funds in which both he and a client claimed an interest into a separate account until there was an accounting and severance of their interests. In addition, Attorney Gehl engaged in conduct prejudicial to the administration of justice and brought or defended a proceeding or asserted or controverted an issue in it without a basis for doing so that was not frivolous.

¶ 2. The misconduct in which Attorney Gehl was found to have engaged warrants our imposition of discipline reciprocal to that imposed in Illinois. Under the

Illinois rules, Attorney Gehl may petition for license reinstatement three years after the date of imposition of that discipline, but the Wisconsin rule, SCR 22.28(3),[1] specifies that a petition for reinstatement may not be filed until five years after the effective date of revocation. Accordingly, we determine that a three-year license suspension is appropriate reciprocal discipline to impose.

¶ 3.   Attorney Gehl was admitted to the Wisconsin bar in 1987. He has not been the subject of a prior disciplinary proceeding in this state. The referee, Attorney David Friedman, made the following findings of fact.

¶ 4.   On September 23, 1996, the Illinois attorney disciplinary authorities filed a motion with the Illinois Supreme Court seeking to have Attorney Gehl's name stricken from the Master Roll of Attorneys in that state. That motion, in which Attorney Gehl joined, was filed pursuant to the Illinois "Disbarment on Consent" rule and was accompanied by an affidavit in which Attorney Gehl stated that the evidence that would have been submitted at a hearing would establish clearly and convincingly the professional misconduct alleged in the disciplinary authority's statement of

---

[1] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(3)   An attorney whose license is revoked or suspended for 6 months or more for misconduct or medical incapacity shall not resume practice until the license is reinstated by order of the supreme court. A petition for reinstatement may be filed at any time commencing, in the case of a license suspension, 3 months prior to the expiration of the suspension period or, in the case of a license revocation, 5 years after the effective date of revocation. A petition for reinstatement shall be filed with the court and a copy shall be filed with the administrator.

charges. The Illinois Supreme Court granted the motion and struck Attorney Gehl's name from the roll of attorneys November 26, 1996.

¶ 5. The misconduct alleged was the following. Between 1989 and 1994, Attorney Gehl acted as corporate counsel to the Chicago Divorce Association. Starting in the summer of 1992, Attorney Robert Stuligross, who was licensed to practice law in Wisconsin but not in Illinois, began renting office space from Attorney Gehl in Chicago. Although Attorney Gehl was aware that Attorney Stuligross was not licensed in Illinois, in May, 1994, Attorney Stuligross entered into a contract with CDA by which he was to receive a monthly retainer fee to represent its members in divorce proceedings. Because Attorney Stuligross was not licensed in Illinois, Attorney Gehl filed a supplemental appearance in each case assigned to Attorney Stuligross but had no further involvement with those cases.

¶ 6. Attorney Gehl was aware that Attorney Stuligross was handling at least 40 divorce cases in Cook county, Illinois between June, 1992 and June, 1993.[2] In many of those cases, Attorney Stuligross filed petitions pursuant to Illinois Supreme Court Rule for permission to practice as a foreign attorney in an isolated case, and Attorney Gehl was listed as the "sponsoring" attorney in those petitions. When Attorney Stuligross ceased representing CDA clients in June, 1993, Attorney Gehl assumed those representa-

---

[2] We suspended the license of Attorney Stuligross for two years as discipline for professional misconduct, including his representation of Illinois divorce clients while not being licensed to practice law in that jurisdiction. *Disciplinary Proceedings Against Stuligross*, 208 Wis. 2d 200, 560 N.W.2d 269 (1997).

tions. Thereafter and for the next 18 months, he employed Attorney Stuligross as a "paralegal" to draft pleadings and correspondence, conduct discovery, do research, and handle communications with all of is CDA clients. He also had Attorney Stuligross continue to make court appearances on behalf of certain of those clients he had represented prior to June, 1993. Based on that conduct, Attorney Gehl was found to have assisted a person not a member of the bar in the performance of activity constituting the unauthorized practice of law and to have engaged in conduct prejudicial to the administration of justice.

¶ 7.    Between July, 1993 and March, 1994, in his representation of four CDA clients, Attorney Gehl failed to provide competent representation and act with reasonable diligence and promptness, failed to keep clients reasonably informed of the status of their matters and comply with their reasonable requests for information, failed to explain matters to the extent reasonably necessary to permit them to make informed decisions regarding his representation, failed to segregate their funds from his own, failed to deliver to them all papers and property to which they were entitled, failed to make reasonable efforts to expedite litigation consistent with their interests, and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation and which was prejudicial to the administration of justice.

¶ 8.    In an unrelated matter, Attorney Gehl failed to make monthly payments required by a loan consolidation agreement he signed in 1988 that included several student loans guaranteed by the Illinois Student Assistance Commission that he had used to finance his law school education. In August, 1992, the lending bank was reimbursed by the State of Illinois as

guarantor of the loans. When Attorney Gehl made no payments after August, 1992, the matter was referred to a collection attorney and suit was commenced in June, 1994. Attorney Gehl failed to file an appearance or answer, and default judgment in the amount of $50,305 was entered against him.

¶ 9. In July, 1992, Attorney Gehl received attorney fees of $111,666.66 relating to his representation of a client but did not make any payment regarding the student loan. In the Illinois disciplinary proceeding, it was concluded that Attorney Gehl avoided in bad faith the repayment of an education loan guaranteed by the Illinois Student Assistance Commission, in violation of a specific Illinois rule for which there is no Wisconsin counterpart.

¶ 10. During the course of the Board of Attorneys Professional Responsibility (Board) investigation of this matter, a member of the district professional responsibility committee made numerous attempts to contact Attorney Gehl and offered to meet with him in Chicago on a specified date. Attorney Gehl did not return the telephone calls or respond to the district committee member's letter. He also failed to appear to give testimony in the investigation and respond to three subsequent letters from the Board requiring a response on the issue of his failure to cooperate in the investigation. The referee concluded that Attorney Gehl thereby violated SCR 21.03(4).[3] In respect to the other misconduct, the referee concluded that Attorney

---

[3] **General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

Gehl violated the Rules of Professional Conduct for Attorneys corresponding to the Illinois rules he violated.[4]

¶ 11.    As discipline for the totality of his misconduct, the referee recommended that Attorney Gehl's license be revoked for at least three years, reciprocal to the discipline imposed in Illinois. He also recommended that Attorney Gehl be required to pay the costs of this proceeding.

¶ 12.    We adopt the referee's findings of fact and conclusions of law and suspend Attorney Gehl's license to practice law in Wisconsin for a period of three years. We also impose as a condition of reinstatement of that license that upon seeking reinstatement, Attorney Gehl establish that his license to practice law in Illinois has been reinstated and the effective date of that reinstatement.

¶ 13.    IT IS ORDERED that the license of Jeffrey I. Gehl to practice law in Wisconsin is suspended for a period of three years, commencing the date of this order.

¶ 14.    IT IS FURTHER ORDERED that within 60 days of the date of this order, Jeffrey I. Gehl pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Jeffrey I. Gehl to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 15.    IT IS FURTHER ORDERED that Jeffrey I. Gehl comply with the provisions of SCR 22.26 concerning

---

[4] SCR 20:1.1, 1.3, 1.4(a) and (b), 1.15(a), (b) and (d), 1.16(d), 3.1(a)(3), 3.2, 5.5(b), and 8.4(c).

the duties of a person whose license to practice law in Wisconsin has been suspended.